## No. 1024.

### JOHN GUSS vs. JOHN P. ROUTON, SHERIFF, ET AL.

#### ON MOTION TO DISMISS.

This is an injunction suit to prevent the seizure and sale of homestead property worth $600. The judgment, of which execution is enjoined, is for $1076. *Held* that the matter in dispute is the homestead property, and the claim is below the appealable amount, necessary to give this Court jurisdiction.

APPEAL from the Seventh District Court, parish of Catahoula. *Elam, J.*

*Smith & Dagg* for Appellees.
*Boatner & Liddell* for Appellant.

#### MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Appellees' motion to dismiss this appeal on the ground that the amcunt in dispute is not within our jurisdiction, must prevail. Plaintiff enjoins the sale of a house and lot, which he claims as his homestead, and which he values at six hundred dollars, which had been seized in execution of a judgment against him for $1076 96, in favor of John Henry & Co., seizing creditors, and he has taken the present appeal from a judgment dismissing his suit on an exception of no cause of action. He does not question the validity of the judgment, or pray for any relief from the general effect of such judgment, nor does he complain of the execution of the same.

His only object is to shield from seizure and sale under the judgment the property seized, which he claims as exempted from execution for any debt, as his homestead.

The issue presented is, therefore, the right of the judgment creditors to subject this property to the execution of their judgment, and plaintiff's right to claim the same as his homestead under the exemption laws, and

that issue involves an amount in dispute not exceeding six hundred dollars, and the case is, therefore, not appealable to this Court.

In all such cases the value of the property seized, and sought to be exempted from seizure in payment of any debt, under the exemption laws, and not the amount of the judgment in execution, is the amount in dispute, and is the test under which our jurisdiction is to be determined.

It is, therefore, ordered that this appeal be dismissed at appellant's costs.